UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
 :
**SHAQUAN BROWN**, :
 :
                Plaintiff, :
 : **MEMORANDUM AND ORDER**
      – against – :
 : 20-CV-1306 (AMD) (LB)
**N.Y.C. D.O.C. CHIEF JENNINGS**, *et al.*, :
 :
              Defendants. :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On March 6, 2020, the *pro se* plaintiff filed this action pursuant to 42 U.S.C. § 1983 against N.Y.C. D.O.C. Chief Jennings, Warden of OBCC Jean Rene, Deputy Warden ESH Valasquez, Site Medical Directors Dr. Latungi and Dr. Kusher, and Mental Health Personnel Dr. Miller.[1] (ECF No. 1.) On March 25, 2020, the plaintiff moved to proceed *in forma pauperis*. (ECF No. 4.) I grant the plaintiff's request to waive the filing fee pursuant to 28 U.S.C. § 1915. For the reasons that follow, I dismiss the complaint, but grant the plaintiff leave to file an amended complaint.

## BACKGROUND

According to the complaint, the plaintiff was "deadlocked" and sent to solitary confinement while detained at the Otis Bantum Correctional Center ("OBCC"). (ECF No. 1 at 3-4.) The plaintiff claims that he was "deadlocked" from November 14 to 20, 2019, was "sent to solitary confinement as a result," and was "subsequently returned to the same housing unit and forced to endure the same cruel and unusual punishment of being deadlocked" from December

---

[1] He delivered the complaint to prison authorities at OBCC on February 19, 2020. (ECF No. 1 at 5.)

20, 2019 to January 13, 2020. (*Id.* at 4.) He maintains that he "was deprived of daily showers, daily recreational/programmatic activities, medical assistance" and "mental health services." (*Id.* at 4.)

The plaintiff also claims that on December 28, 2019, he "was the victim of a slip & fall." (*Id.*) This caused him "[s]evere and excessive pain in [his] neck and lower back." (*Id.*) On January 7, 2020, he "was viciously assaulted by N.Y.C. D.O.C. personnel," and "sustained right shoulder injuries and noticeable disfigurement to [his] right pinky." (*Id.*) He was prescribed ibuprofen and sent back to his cell. (*Id.*)

The plaintiff seeks $10,000,000.00 in damages and "a full analysis to determine the adverse effects being deadlocked has had on [his] mental health status." (*Id.* at 5.) He is currently incarcerated at Clinton Correctional Facility. (*See* ECF No. 4 at 1.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

The plaintiff is proceeding *pro se*, so I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

Nevertheless, I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Prison Litigation Reform Act ("PLRA") requires me to dismiss complaints brought by prisoners that do not satisfy these requirements. *See Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999); 42 U.S.C. § 1997e(c).

## DISCUSSION

I construe the complaint liberally and find that it alleges conditions of confinement, excessive force and negligence claims. However, the plaintiff has not adequately pleaded the personal involvement of any individual defendant sufficient to sustain a claim for money damages under 42 U.S.C. § 1983.

### I. Personal Involvement

The plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006)) (internal quotation marks omitted). "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)). "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007); *see also Casino v. Rohl*, No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) ("Since . . . [the] defendant is nowhere mentioned or referenced in the body of the amended complaint, [the] plaintiff has not adequately pled his personal involvement in any of the constitutional deprivations alleged in the amended complaint. Accordingly, [the] plaintiff's Section 1983 claims are dismissed.").

The plaintiff names six individuals as defendants, but does not claim that any of these defendants were personally involved in any constitutional violation or wrongdoing. Because the complaint does not state what any of the defendants did to the plaintiff, the plaintiff's claims against these defendants are dismissed.

## II. The Plaintiff's Claims

### a. Due Process Claims Based on Conditions of Confinement

The plaintiff does not say whether he was a pretrial detainee or a convicted prisoner at the time of the events alleged in his complaint. I assess his claims under the more lenient standard. *See Jimenez v. City of New York*, No. 18-CV-7273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26,

4

2020) ("Plaintiff does not specify whether he was a pretrial detainee or a convicted prisoner during the times relevant to his allegations, and therefore whether his deliberate indifference claims arise under the Eighth or Fourteenth Amendment. Accordingly, these claims are assessed under the more lenient standards of the Fourteenth Amendment.") (citations omitted).

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)) (internal quotation marks omitted). "A pretrial detainee can state a substantive due process claim regarding conditions of confinement in two ways. He can show that the defendants were deliberately indifferent to the conditions of his confinement or he can show that the conditions are punitive." *Caves v. Payne,* No. 20-CV-15, 2020 WL 1676916, at *5 (D. Conn. April 6, 2020) (citing *Darnell v. Pineiro,* 849 F.3d 17, 34 n.12 (2d Cir. 2017)).

The plaintiff contends that he was placed in solitary and "deadlock" confinement, and deprived of showers, activities, medical assistance and mental health services. (ECF No. 1 at 4.) I construe these allegations to raise an argument that the defendants violated the plaintiff's substantive due process rights because (1) the conditions of confinement were punitive and (2) OBCC officials were deliberately indifferent to the conditions of confinement.

In assessing whether restrictions on pretrial detainees comport with substantive due process, "[a] court must decide whether the [restriction] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538. "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the

governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." *Id.* at 539; *see also Caves*, 2020 WL 1676916, at *6 (same).

Courts have allowed due process claims based on punitive conditions of confinement to proceed where there was no individualized finding that pretrial detainees posed a risk to security and the detainees experienced harsh conditions. *See, e.g., Caves*, 2020 WL 1676916, at *6 ("Although [the plaintiff] alleges that his designation was reviewed by Director Santiago, the allegations suggest that there was no individualized finding that [the plaintiff] posed a risk to institutional security or that segregated housing was appropriate for him during pretrial detention."); *Kelly v. Santiago*, No. 18-CV-01796, 2019 WL 3574631, at *10 (D. Conn. Aug. 6, 2019) ("A court could find that Walker's alleged restrictions on [the plaintiff] were excessive, absent an individualized finding that [the plaintiff] was a threat to the government's legitimate objectives.").

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. To prevail on this claim, a plaintiff must show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right of due process," and that "the officer acted with at least deliberate indifference to the challenged conditions." *Id.* To establish "deliberate indifference," the plaintiff "must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

As discussed above, the plaintiff has not alleged that the named defendants did anything or failed to do anything that affected the conditions of his confinement. Additionally, the plaintiff does not explain why he was placed in "deadlock" or solitary confinement, or what he means by "deadlock" confinement. For these reasons, the plaintiff has not stated a due process claim based on conditions of confinement. I grant the plaintiff leave to amend the complaint to provide additional facts about the conditions of his confinement and the defendants' actions taken.

### b. Excessive Force Claim

"A pretrial detainee bringing a Fourteenth Amendment excessive force claim must show the defendant acted deliberately and 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Moore v. Westchester Cnty.*, No. 18-CV-11472, 2020 WL 1503568, at *7 (S.D.N.Y. Mar. 30, 2020) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015)).

The plaintiff alleges that he was "viciously assaulted" (ECF No. 1 at 4), but does not provide sufficient details about the assault to state a claim. I grant the plaintiff leave to amend the complaint to provide additional details, including who assaulted him and any facts suggesting that the use of force was unreasonable. *See, e.g., Sanchez v. Miller*, No. 20-CV-0620, 2020 WL 1140843, at *7 (S.D.N.Y. Mar. 6, 2020) ("The amended complaint must name the individual officer who [the plaintiffs] allege used excessive force . . . and allege any facts suggesting that the officer's use of force was unreasonable."). If the plaintiff does not know the names of the officers, he may refer to them as Jane or John Doe and provide as much identifying information as is available to him.

### c. Negligence Claim

I construe the plaintiff's allegations about a slip and fall on December 28, 2019 to raise a negligence claim. However, negligent conduct that causes unintentional injury is not enough to state a due process violation. *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process protections are not triggered by lack of due care by state officials); *Brown v. N.Y.C. Dep't of Corr.,* 17-CV-420, 2017 WL 473874, at *2 (E.D.N.Y. Feb. 3, 2017) ("[C]ourts have routinely found that allegations of a wet floor that cause a prisoner to slip and fall at most support a finding of simple negligence, and therefore do not reach the level of a constitutional violation required for a § 1983 claim.") (citing cases); *Valencia v. Goez*, No. 18-CV-3564, 2019 WL 1755964, at *4 (E.D.N.Y. Apr. 19, 2019) ("Insofar as Plaintiff seeks to impose Section 1983 liability based on a 'slip and fall' at the Jail, leave to file an Amended Complaint is DENIED. It is clear that this claim does not implicate a constitutional deprivation. At best, Plaintiff has alleged a negligence claim.") (citing cases). Therefore, to the extent the complaint asserts a slip and fall claim, the claim is dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons stated above, I dismiss the plaintiff's complaint. However, I grant the plaintiff leave to file an amended complaint within sixty days of this order. The amended complaint must state how the defendants named in the caption were involved in the alleged deprivation of the plaintiff's federal rights. If the plaintiff decides to file an amended complaint, it should be titled "Amended Complaint" and bear the same docket number as this order, 20-CV-1306 (AMD) (LB). The Clerk of Court is respectfully directed to include a form prisoner civil rights complaint.

No summons will issue at this time and all further proceedings will be stayed for sixty days. If the plaintiff does not file an amended complaint within sixty days, judgment dismissing this action will enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                s/Ann M. Donnelly

                                                   ANN M. DONNELLY
                                                   United States District Judge

Dated: Brooklyn, New York
         May 4, 2020